**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| CHARLES ALLEN SHAW, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  4:17-CV-00501 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § § | |
| SONOCO PRODUCTS COMPANY, | § § § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Pending before the Court is Defendant Sonoco Products Company's Motion to Dismiss, or, Alternatively, to Transfer Venue (the "Motion") (Dkt. 3). Plaintiff Charles Allen Shaw filed a Response (Dkt. 5). Defendant filed a Reply (Dkt. 6). For the following reasons, the Court recommends the motion (Dkt. 3) be **GRANTED IN PART** and **DENIED IN PART**.

**I.      BACKGROUND**

Plaintiff filed this lawsuit against Defendant on July 18, 2017, asserting claims under the Federal Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq,* in the Eastern District of Texas, Sherman Division. *See* Dkt. 1. Plaintiff argues he initiated the lawsuit in the Eastern District of Texas because he was employed by Defendant in Carrollton, Texas. *See id.* at 1. Carrollton, Texas is located within Dallas County, Collin County, and Denton County.

On August 11, 2017, Defendant filed the Motion pursuant to Federal Rule of Civil Procedure 12(b)(3), arguing Plaintiff's Complaint be dismissed for improper venue. *See* Dkt. 3. Alternatively, Defendant argues the case should be transferred to the Northern District of Texas, because Defendant resides, and all decisions regarding Plaintiff's employment occurred, in Dallas

1

County, Texas. *See id.* On August 28, 2017, Plaintiff filed a Response (Dkt. 5). On September 5, 2017, Defendant filed a Reply (Dkt. 6).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows for dismissal of a case based on improper venue. If a suit is filed in a jurisdiction in which venue is not proper, the court may dismiss, or in the interest of justice, transfer the case to any district or division in which it could have been brought. *See* 28 U.S.C. § 1406. Further, a district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See* 28 U.S.C. § 1404(a). The party seeking transfer of venue must show good cause for the transfer and that the transferee venue is clearly more convenient than the transferor venue. *See In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). This district has held that when an objection to venue is raised, the plaintiff bears the burden of demonstrating that venue is proper in the selected forum. *See Payne v. Grayco Cable Servs., Inc.*, 2011 WL 13076902, at *2 (E.D. Tex. Dec. 8, 2011).

A Section 1404(a) motion to transfer venue requires a two-part inquiry: (1) whether the action to be transferred might have been brought in the transferee court; and (2) whether considering the convenience of the parties and witnesses and the interest of justice a transfer is appropriate. *See In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

### III. ANALYSIS

**A. VENUE FOR ADA CLAIM**

Defendant first argues the Northern District of Texas is the only proper venue for Plaintiff's ADA claims. *See* Dkt. 3 at 4-5. The ADA adopts the specific venue provision of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5, *et seq.*, in which venue is proper: (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. *See In re Horseshoe Ent.*, 337 F.3d 429, 432-33 (5th Cir. 2003).

Plaintiff claims Defendant violated the ADA by failing to reasonably accommodate his alleged disability and by terminating his employment. *See* Dkt. 1 at 2-3. According to Defendant, and Plaintiff does not dispute, Plaintiff was exclusively employed at Defendant's Carrollton, Texas facility located at 1925 Country Club Drive, Carrollton, Texas 75006 (the "Facility"). *See* Dkt. 3 at 2. The Court takes judicial notice that the Facility is located in Dallas County, Texas, which is located in the Northern District of Texas.[1] The decision to terminate Plaintiff's employment occurred at the Facility. *See* Dkt. 3 at 4. Additionally, Defendant argues, and Plaintiff does not dispute, that Plaintiff's personnel records are maintained at the Facility, which is in the Northern District of Texas. *See id.* at 5. Finally, Defendant argues, and Plaintiff does not dispute, that Plaintiff would have worked at the Facility in Dallas County, Texas if he had not been terminated.

---

[1] *See* NORTHERN DISTRICT OF TEXAS, http://www.txnd.uscourts.gov/city-data/dallas-division (search "Carrollton") (a search of "Carrollton" shows it is located in the Dallas Division); *see also* EASTERN DISTRICT OF TEXAS, http://www.txed.uscourts.gov/court-locator (search "75006") (a search of "75006," where Plaintiff was employed, fails to return a search result in the Eastern District of Texas). The Fifth Circuit has determined that courts may take judicial notice of governmental websites. *See, e.g., Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005).

*See id.* Thus, the Court finds venue for Plaintiff's ADA claim is only proper in the Northern District of Texas.

### B. VENUE FOR FMLA CLAIM

Defendant also argues the Northern District of Texas is the proper venue for Plaintiff's FMLA claim. *See id.* at 5-12. Venue for claims brought under the FMLA are governed by the general venue statute set forth in 28 U.S.C. § 1391. Section 1391(b) provides that venue is proper in the judicial district in which: (1) the defendant resides; or (2) a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(1)-(2). If venue cannot be established under the first two prongs, venue is also proper in any judicial district in which the defendant is subject to personal jurisdiction with respect to the case. *See* 28 U.S.C. § 1391(b)(3).

#### 1. <u>Where Defendant Resides</u>

First, Defendant and the Facility reside in Dallas County, Texas. As a general rule, a company "resides" in any judicial district in which it is subject to the court's personal jurisdiction. *See* 28 U.S.C. § 1391(b). However, when companies are located in states with multiple federal jurisdictions, a modified rule for determining residency applies. Section 1391(d) provides:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

*See Graham v. Dyncorp Int'l, Inc.*, 972 F. Supp. 2d 698, 701 (S.D. Tex. 2013). Thus, the Court conducts a personal jurisdiction "minimum contacts" analysis. *See id.* (applying multi-district rule to personal jurisdiction "contacts" analysis).

In determining personal jurisdiction, there are two types of minimum contacts: (1) those giving rise to general jurisdiction; and (2) those giving rise to specific jurisdiction. *See Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). A forum has general jurisdiction when the defendant's contacts are "systematic and continuous" and specific personal jurisdiction when the lawsuit arises out of the defendant's contact with the forum. *See Jackson v. FIE Corp.*, 302 F.3d 515, 530-31 (5th Cir. 2002); *see also Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984).

In regards to general jurisdiction, the defendant's continuous or repeated contacts will not suffice unless they are "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from [its] activities." *Graham*, 973 F. Supp. 2d at 703 (citing *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 221 (5th Cir. 2012)). Plaintiff's only argument is that Defendant has previously been sued in the Eastern District of Texas on many occasions and Defendant was not transferred to another district in these previous lawsuits. *See* Dkt. 5 at 3. The Court finds this is insufficient to establish that Defendant had continuous and systematic contacts with the Eastern District of Texas. Moreover, the Facility is located in Dallas County, Texas, and as a result, the events giving rise to the lawsuit occurred in Dallas County. The witnesses, records, and personnel files pertinent in the case are located at the Facility. Finally, all decisions regarding Plaintiff's employment are alleged to have occurred at the Facility. Thus, the Court finds Plaintiff failed to allege enough facts to show the Court can assert general persona jurisdiction over Defendant.

In regards to specific jurisdiction, specific jurisdiction can only be established "if [the defendant] 'has purposefully directed its activities at [the forum state's] residents,' and the claim of th[e] suit either 'arises out of' or 'relates to' these activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The core of Plaintiff's claims lie in Defendant's employment decisions.

5

*See* Dkt. 1 at 2-4. Defendant has alleged, and Plaintiff has failed to dispute, that all decisions related to Plaintiff's employment were made and carried out at the Facility, which is in Dallas County, Texas. *See* Dkt. 3 at 11. Thus, Plaintiff has failed to show that the Court can assert specific personal jurisdiction over Defendant, and the Court finds the Northern District of Texas is a more appropriate forum under the first prong of the general venue statute.

### 2. Substantial Part of the Events

Second, a substantial part of the events occurred in the Northern District of Texas. Plaintiff complains of Defendant's alleged unlawful discriminatory practices, which occurred at the Facility located in the Northern District of Texas. *See* Dkt. 1 at 2-4. Plaintiff has failed to allege any facts that would support any of the events related to Defendant's alleged unlawful employment practices occurred within the Eastern District of Texas. *See id.* Thus, because the only alleged facts contained in the Complaint occurred at the Facility, the Court finds the Northern District of Texas is the proper venue under the second prong of the general venue statute.

### C. NORTHERN DISTRICT IS PROPER FOR BOTH CLAIMS

The general rule is that venue must be proper as to each distinct cause of action. *See Tucker v. U.S. Dep't of Army*, 42 F.3d 641 (5th Cir. 1994). Even if the Court has general personal jurisdiction over Defendant, such that the Court would have jurisdiction over Plaintiff's FMLA claim under the general venue statute, the Court finds the ADA claim can only be brought in the Northern District of Texas. Thus, the Court finds transferring this action to the Northern District of Texas, Dallas Division, would promote both judicial economy and prevent piecemeal litigation.

### D. NORTHERN DISTRICT IS THE MOST CONVENIENT VENUE

Finally, the Court finds the case should be transferred because the Northern District of Texas is a more convenient forum. Where a party is able to establish the threshold requirement—

that the transferee court lies within a district where the action "might have been brought"—the court must determine whether the movant has shown the convenience of the parties and witnesses and the interest of justice counsel in favor of transfer. *See Volkswagen I*, 371 F.3d at 203. The Fifth Circuit has held the determination of convenience relies on a number of public and private interest factors. *See Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *See Volkswagen II*, 545 F.3d at 315. The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *See id.* These factors are neither exhaustive nor exclusive, and no single factor is dispositive. *See id.*

The Court has established that the case could have been brought in the Northern District of Texas. Considering the public factors first, the Court finds all except the second factor are neutral. The second factor—the local interest in having localized interests decided at home—falls more in favor of having the case decided in the Northern District of Texas, which is where both Plaintiff and Defendant reside. Considering the private factors next, all factors fall in favor of having the case resolved in the Northern District of Texas. Not only do the parties reside in the Northern District of Texas, but the evidence and witnesses will most likely arise out of the Northern District of Texas because of the location of the Facility. Thus, the Northern District of Texas is a more convenient forum, and the Court finds the case should be transferred.

### IV.  RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 3) be **GRANTED IN PART** and **DENIED IN PART**. The Court recommends Defendant's motion to dismiss be **DENIED**; however, the Court recommends Defendant's motion to transfer be **GRANTED** and the case should be transferred to the Northern District of Texas, Dallas Division.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The parties are directed to Local Rule CV-72(c) for page limitations on objections.

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 19th day of September, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE